IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**SEVERN RODGERS, JR., # 08963-078**                                              **PETITIONER**

versus                                                          **CIVIL ACTION NO. 5:09cv177-DCB-MTP**

**BRUCE PEARSON, Warden**                                                         **RESPONDENT**

## REPORT AND RECOMMENDATION

BEFORE THE COURT is the *pro se* Petition of Severn Rodgers, Jr. for a Writ of Habeas Corpus [1] filed under 28 U.S.C. § 2241. Having considered the submissions of the parties and the applicable law, the undersigned is of the opinion that the Petition should be denied and dismissed with prejudice and that Petitioner's Motion for Summary Judgment [25] should be denied.

### Background

On October 4, 1999, Rodgers pled guilty to Driving While Intoxicated in Houston County, Texas, Cause No. 98-CR-179, and was sentenced to ten years incarceration. Rodgers subsequently escaped and was recaptured. On or about May 12, 2000, Rodgers pled guilty to Escape and Burglary of a Building in Houston County, Texas, Cause No. 99-CR-186, and was sentenced to ten years imprisonment, to run concurrently with any other sentence to be served by him in the Texas Department of Criminal Justice - Institutional Division. *See* Petition [1] and Memo. [2]; Declaration of Bryan Erickson, Ex. 1 to Answer [18].

On December 11, 2000, pursuant to a writ of habeas corpus *ad prosequendum*, Rodgers appeared in the United States District Court for the Eastern District of Texas for an initial appearance in Case No. 9:00-cr-13. On or about June 28, 2001, Rodgers pled guilty to the crime of Felon in Possession of a Firearm (committed on or about October 19, 1999), in violation of 18 U.S.C. § 922(g)(1), and was sentenced in the United States District Court for the Eastern District

of Texas to a 120-month term of imprisonment. The sentence was ordered to run consecutive to Houston County, Texas Case No. 98-CR-179, and concurrent to Houston County, Texas Case No. 99-CR-186. *See* Petition [1]; Memo. [2] at 37-54; Ex. 1 and Attachment # 3 to Answer [18-2].

On July 11, 2001, Rodgers was returned to the State of Texas for the completion of his state term of imprisonment. On June 29, 2005, Rodgers completed his state term and was released on parole to the custody of the United States Marshals Service for the service of the federal sentence. *See* Memo. [2]; Ex. 1 to Answer [18-2].

Rodgers is currently incarcerated in the Federal Correctional Complex in Yazoo City, Mississippi ("FCC Yazoo City"), and is projected for release on August 14, 2014.[1] In the instant Petition, filed on October 22, 2009, Rodgers alleges that he should receive 811 days of jail credit against his federal sentence pursuant to *Willis v. United States*, 438 F.2d 923 (5th Cir. 1971), and that he should be credited with 540 days of Good Conduct Time based on 54 days for each year of a 120-month sentence. Rodgers also alleges that his federal sentence should commence on June 28, 2001, as he was in the primary custody of the United States when he was sentenced by the United States District Court for the Eastern District of Texas. Finally, he maintains that his sentence was impermissibly interrupted.

## Analysis

Respondent contends that the instant petition should be denied because 1) Rodgers is not entitled to credit against both his state and federal sentences under 18 U.S.C. § 3585(b); 2) *Willis* credit is not applicable to the computation of Rodgers' sentence; 3) Rodgers' good conduct time ("GCT") has been calculated properly; 4) the federal government is not bound by a state court's order that sentences run concurrent; and 5) Rodgers' sentence was not impermissibly interrupted.

---

[1] *See* Declaration of Bryan Erickson, Ex. 1 to Answer [18-2].

Rodgers is Not Entitled to Double Credit

Rodgers' sentence computation is governed by Bureau of Prisons ("BOP") Program Statement 5880.28, Sentence Computation Manual (CCA of 1984).[2] The Program Statement references 18 U.S.C. § 3585, which establishes the rule for the commencement of a federal sentence and credit for a prior sentence, and which provides:

> (a) Commencement of sentence.--A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> (b) Credit for Prior Custody.--A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences–
>
> (1) as a result of the offense for which sentence was imposed; or
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> **that has not been credited against another sentence**.

18 U.S.C. § 3585 (emphasis added).

Rodgers' federal sentence commenced on June 29, 2005, when he was released from Texas state custody to federal custody to begin his federal sentence.[3] Rodgers claims that his federal sentence should commence on June 28, 2001, the date he was sentenced in federal court. However, Program Statement 5880.28 clarifies that the federal sentence begins on the date of sentencing only if the prisoner is in <u>exclusive</u> federal custody on the basis of the charge for which he is being sentenced (and not under the jurisdiction of a federal writ of habeas corpus *ad prosequendum*).[4] Rodgers was not in exclusive federal custody on the date of his federal

---

[2]*See* Erickson Decl., Ex. 1, and Attachment # 8 to Answer [18-2].

[3]*See* Erickson Decl., Ex. 1 to Answer [18-2].

[4]*See* Ex. 1, Attachment 8 to Answer [18-2].

3

sentencing. Rather, he was in Texas state custody pursuant to his state court convictions, and was brought before the federal court for his initial appearance, plea hearing, and sentencing hearing for his federal charge pursuant to a writ of habeas corpus *ad prosequendum*.[5] *See Causey v. Civiletti*, 621 F.2d 691, 693 (5th Cir. 1980) ("The law is clear in this Circuit that, if a defendant is in state custody and he is turned over to federal officials for federal prosecution, the state government's loss of jurisdiction is only temporary."); *United States v. Dovalina*, 711 F.2d 737, 740 (5th Cir. 1983);[6] *see also Hayward v. Looney*, 246 F.2d 56, 58 (10th Cir. 1957) ("It is well settled that when a state surrenders a prisoner to the Federal government for the purpose of trial on a Federal charge and upon conviction and sentence in the Federal court, the Federal authorities surrender custody of the prisoner back to the state authorities for trial or imprisonment, without the prisoner having been received at a Federal penal institution for service of his Federal sentence, the Federal sentence does not begin to run until such time as the prisoner is returned to Federal custody and received at the Federal penal institution for service of his Federal sentence."); *United States v. Cole*, 416 F.3d 894, 896-97 (8th Cir. 2005) ("If, while under the primary jurisdiction of one sovereign, a defendant is transferred to the other jurisdiction to face a charge, primary jurisdiction is not lost but rather the defendant is considered to be 'on loan' to the other sovereign."); *Aguilar v. Peterson*, No. 04-6376, 2006 WL 497719, at *1 (10th Cir. Mar. 2, 2006) (holding that because petitioner was not returned to federal custody to begin serving his federal sentence until September 1, 1998, his federal sentence did not begin to run until that date and the BOP appropriately denied him credit for the time he served in Texas state prison on his

---

[5] Rodgers appeared in the United States District Court for the Eastern District of Texas for his initial appearance in Case No. 9:00-cr-13 on or about December 11, 2000, pursuant to a writ of habeas corpus *ad prosequendum*.

[6] The *Dovalina* decision was based on the now repealed 18 U.S.C. § 3568, which has been replaced by 18 U.S.C. § 3585.

4

state court conviction).

The Supreme Court has explained that when Congress enacted 18 U.S.C. § 3585(b), it "made clear that a defendant could not receive a double credit for his detention time." *United States v. Wilson*, 503 U.S. 329, 337 (1992); *see also Horn v. Tamez*, No. 4:06-CV-566-Y, 2007 WL 1702198, at *2 n.4 (N.D. Tex. June 12, 2007) (stating that "§3585(b) precludes a prisoner from receiving double credit for time served in state custody, and hence [petitioner] could not receive credit against his federal sentence where he has already received credit against his state sentence") (citing *Wilson*, 503 U.S. at 332-33; *Dovalina*, 711 F.2d at 740; *Radcliffe v. Clark*, 451 F.2d 250, 251-52 (5th Cir. 1971); *Pennant v. United States*, 31 F. App'x 832, 2002 WL 180341, at *1 (5th Cir. Jan. 3, 2002)). In accordance with the statute, BOP Program Statement 5880.28, Sentence Computation Manual, specifies that "[c]redit will not be given for any portion of time spent serving another sentence regardless of whether the sentence is federal, state or foreign."[7]

The record reflects that Rodgers was incarcerated on his Texas state sentences from December 11, 2000, when he appeared in federal court as set forth above, until June 11, 2001, when he was returned to state custody shortly after his federal sentencing to complete his state sentence.[8] Thus, he remained under the primary jurisdiction of the State of Texas pursuant to the caselaw cited above. Rodgers received credit against his state sentence for the time he was held on the state charges and for the time he was "borrowed" under federal writ. Accordingly, Rodgers is not entitled to any additional credit against his federal sentence for any time prior to June 29, 2005, when his federal sentence commenced, as that time was already credited against his state sentence. *See Howard v. United States*, 420 F.2d 478, 480 (5th Cir. 1970) (holding that because petitioner "was at all times in custody of the State of Louisiana and appeared in federal

---

[7]*See* Ex. 1, Attachment #10 to Answer [18-2].

[8]*See* Ex. 1 to Answer [18-2].

5

court for arraignment and sentencing under authority of federal writs of habeas corpus ad prosequendum ... he [was] not entitled to have this time credited toward his federal sentence"); *Chaplin v. United States*, 451 F.2d 179, 181 (5th Cir. 1971).[9]

<u>Rodgers' Good Conduct Time Has Been Properly Calculated</u>

The statutory authority for awarding good conduct time to federal prisoners is set forth in 18 U.S.C. § 3624(b)(1), which provides that prisoners serving a term of more than one year "may receive credit toward the service of prisoner's sentence, beyond the time served, of up to 54 days at the end of each year of the prisoner's term of imprisonment[,]" and a prorated credit for the last year or portion of a year. *See also* 28 C.F.R. § 523.20(a) ("For inmates serving a sentence for offenses committed on or after November 1, 1987, but before September 13, 1994, the Bureau will award 54 days credit toward service of sentence (good conduct time credit) for each year served. This amount is prorated when the time served by the inmate for the sentence during the year is less than a full year.") BOP Program Statement 5880 makes clear that GCT is not awarded on the basis of the length of the sentence imposed, but rather on the number of days actually served.[10] This method of calculating GCT has been upheld by the Fifth Circuit, and most recently, by the United States Supreme Court. *See Barber v. Thomas*, 130 S. Ct. 2499, 2504 (2010) (holding that the BOP's calculation method is lawful and consistent with the language of section 3624(b));[11] *see also Moreland v. BOP*, 431 F.3d 180, 184-88 (5th Cir. 2005), *cert. denied*, 547 U.S. 1106 (2006).

---

[9]The *Howard* and *Chaplin* decisions were based on the now repealed 18 U.S.C. § 3568, which has been replaced by 18 U.S.C. § 3585.

[10]*See* Ex. 1, Attachment #12 to Answer [18-2].

[11]Rodgers filed a Motion to Stay [19] this case pending the Supreme Court's decision in *Barber*, which the court granted by Order [22] dated May 11, 2010. The Supreme Court rendered its decision on June 7, 2010. *See Barber v. Thomas*, 130 S. Ct. 2499, 2504 (2010) Thus, this Court lifted the stay on June 9, 2010. *See* Order [23].

Applying the BOP's sentence computation methodology to Rodgers' sentence, it is clear that the sentence computation is correct. As explained in the Declaration of Bryan Erickson[12] (Ex. 1 to Answer [18-2]) and as set forth in the BOP records, the calculation is as follows: Rodgers' 120-month sentence is computed beginning on June 29, 2005 (the day he was paroled by the State of Texas). The maximum amount of GCT allowable on a ten-year sentence is 470 days, and not 540 days as initially claimed by Rodgers.[13] However, based on disciplinary infractions, 175 days of GCT have been taken away.[14] Rodgers is presently projected to earn 318 days (approximately 10 ½ months) of GCT. As discussed above, Rodgers has no prior jail credit time applicable to this sentence.[15] This means that Rodgers has an approximate release date of August 14, 2014.

Rodgers is Not Entitled to *Willis* Credit

In *Willis v. United States*, 438 F.2d 923 (5th Cir.1971), the Fifth Circuit recognized an exception to the pre-sentence credit rule when an inmate is serving concurrent federal and state

---

[12] Mr. Erickson is employed by the BOP at the Designation and Sentence Computation Center as a Management Analyst. He has worked for the BOP since 1989, and has worked in his current capacity since November 2007. Accordingly, he is familiar with BOP sentence computation procedures. *See* Erickson Decl. [18-2] ¶ ¶ 1-2.

[13] *See Barber v. Thomas*, 130 S. Ct. 2499, 2503 (2010) ("In sum, a prisoner subject to a 10-year (3,650-day) sentence who earns the maximum number of days the statute permits will serve 3,180 days in confinement and receive 470 days of 'good time' credit, about 15% of the prison time actually served."). The Court specifically rejected the petitioners' view that § 3624(b)(1) requires a straightforward calculation based upon the length of the sentence imposed and not the time actually served. *Barber*, 130 S. Ct. at 2503-04.

[14] *See* Erickson Decl. [18-2] ¶ ¶ 1-2; Attachment # 13 [18-2] at 53-56.

[15] In his Response/Motion for Summary Judgment [24][25], Rodgers claims he is entitled to 216 days of jail credit against his federal sentence resulting from the time he was in federal custody from approximately December 4, 2000 - July 11, 2001. In support of this argument, he relies on Attachment 2 to Mr. Erickson's Declaration [18-2], showing 216 "Total Days Boarded." However, as discussed above, Rodgers received credit against his state sentence for the time he was "borrowed" under federal writ. Accordingly, Rodgers is not entitled to any additional credit against his federal sentence.

terms with a state full-term date that is equal to or less than the federal full-term date. "When this exception applies, an inmate is entitled to receive *Willis* credit toward his federal sentence for all pre-sentence, non-federal custody that occurs on or after the date of the federal offense until the date that the first sentence (state or federal) begins." *Edison v. Berkebile*, 349 F. App'x 953, 956 (5th Cir. 2009). This exception is recognized in BOP Program Statement 5880.28. *See* Ex. 1 to Answer [18-2] and Attachment #11 [18-2].

Rodgers claims he is entitled to 811 days of *Willis* credit. However, as Respondent correctly notes, Rodgers is not entitled to *Willis* credit because his federal sentence is running consecutive to his state sentence, and not concurrent. Rodgers correctly notes that both of his state judgments state that his sentences shall run concurrently with any other sentence to be served by him in the Texas Department of Criminal Justice - Institutional Division. *See* Judgments, Memo. [2] at 23-28. However, his federal sentence was ordered to run consecutive to Texas Case No. 98-CR-179, and concurrent to Houston County, Texas Case No. 99-CR-186. *See* Petition [1]; Memo. [2] at 37-54; Ex. 1 to Answer [18]. Case No. 98-CR-179 is the controlling state sentence for release purposes; the minimum expiration for both state sentences was June 29, 2005, the date he was paroled by the State of Texas. *See* Declaration [18-2], ¶ 18; Attachment # 7 [18-2] at 33-34.

Moreover, neither the BOP nor the federal courts are bound by state court orders. *United States v. Cibrian*, No. 09-40048, 2010 WL 1141676, at *6 (5th Cir. Mar 24, 2010) ("[E]ven though a state court may order its sentence to run concurrently with a federal sentence in a related case, the federal court is not bound by the state court's order."; "The BOP--as opposed to the federal courts--is the entity authorized to determine where a federal sentence will be served, when it begins, and, in certain respects, how long it will last.").

8

Rodgers' Sentence Was Not Impermissibly Interrupted

Rodgers claims that his sentence was impermissibly interrupted when the U.S. Marshals Service transferred him back to the State of Texas after his federal sentencing on June 28, 2001. However, as discussed above, Rodgers did not begin serving his federal sentence on June 28, 2001; he was still under the primary jurisdiction of the State of Texas and was "borrowed" for purposes of his federal sentencing pursuant to a writ of habeas corpus *ad prosequendum.* He did not begin his federal sentence until June 29, 2005. Thus, his federal sentence was never interrupted.

The authority cited by both Rodgers and Respondent, *Free v. Miles*, 333 F.3d 550, 554 (5th Cir. 2003), recognized that the purpose of the common law rule against piecemeal incarceration "is to prevent the government from abusing its coercive power to imprison a person by artificially extending the duration of his sentence through releases and re-incarcerations." In *Free*, the Fifth Circuit held that petitioner was "serving the correct total time of his consecutive state and federal sentences" and the fact that "he will have done so in two shifts between sovereigns rather than one is of no moment." *Free*, 333 F.3d at 555. *Free* does not support Rodgers' position and he is not entitled to relief on this basis. As set forth above, Rodgers was given credit against his state sentence from the time he was "borrowed" on writ until the time he was returned to state custody. Thus, his incarceration was not extended in any way.

RECOMMENDATION

For the reasons stated above, it is the recommendation of this Court that Rodgers' Petition for a Writ of Habeas Corpus [1] be dismissed with prejudice and that his Motion for Summary Judgment [25] be denied.

NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days

after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the Magistrate Judge and the opposing party. The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS, the 3rd day of August, 2010.

s/Michael T. Parker  
United States Magistrate Judge